1 | TINO X. DO (SBN 221346)
2 | ALLAN D. SHULDINER (SBN 252259)
    SALTZMAN & JOHNSON LAW CORPORATION
3 | 5100-B1 Clayton Road, Ste. 373
    Concord, CA 94521
4 | (510) 906-4710
    tdo@sjlawcorp.com
5 | ashuldiner@sjlawcorp.com

6 | Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, TOM DILLON, Trustee, DON CROSATTO, Trustee, JOHN DiBERNARDO, Trustee, STEPHEN J. MACK, Trustee, RICH MORALES, Trustee, PEDRO MENDEZ, Trustee, STEVE SOWINSKI, Trustee, MARK MARTIN, Trustee, and JIM SCHWANTZ, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>L.A. SMITH & SONS INC., a California corporation, KIRK D. SMITH, a California individual, MICHAEL SHANE LEASURE DBA AUTO BODY EXPRESS, a California individual, and DOES 1 – 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

**INTRODUCTION**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§ 1001-1461 (1982). In order to protect plan participants and the Federal Pension Benefit Guaranty Corporation, effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans. Due to the importance Congress attributed to those goals, it included special provisions not generally available to creditors to

ensure that withdrawal liability could actually be collected.

Under ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), all trades or businesses under common control are to be treated as a single employer.  ERISA also contains a mandatory arbitration provision if an employer wishes to challenge the withdrawal liability determination.  To make such a challenge, an employer must request review within ninety (90) days from receiving the notice of the withdrawal liability assessment pursuant to ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2), and any dispute concerning the pension plan's determination of withdrawal liability must be resolved through arbitration timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

ERISA §4219(a), 29 U.S.C. §1399(a), requires an employer to provide the pension plan with all information the plan reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of Title IV of ERISA, including the determination and collection of withdrawal liability.

Defendant L.A. Smith & Son Inc. ("L.A. Smith"), a California corporation, was a participating employer in the Automotive Industries Pension Trust Plan ("Plan").  In or about April 2021, L.A. Smith ceased operations thereby withdrawing from participation in the Plan and triggering the Plan to assess withdrawal liability against Defendant L.A. Smith and all members of its controlled group and successor for the sum of $1,127,398.00 under ERISA §4203, 29 U.S.C. §1383.  By letter dated August 22, 2022, Plaintiffs notified Defendant L.A. Smith and all members of its controlled group of the assessed withdrawal liability.  On November 18, 2022, Plaintiffs notified Defendant L.A. Smith, its controlled group and successor in writing that because Defendant L.A. Smith had ceased operations, there was a substantial likelihood that it would be unable to pay its withdrawal liability and thus, the Plan accelerated the entire unpaid withdrawal liability.

Defendant Kirk D. Smith ("Kirk Smith") is an individual, California resident and the owner of L.A. Smith.  Plaintiffs are informed and believe that Defendant Kirk Smith is a member of L.A. Smith's controlled group and is therefore liable for Defendant L.A. Smith's withdrawal liability.

Defendant Michael Shane Leasure dba Auto Body Express ("Leasure") is an individual and California resident. Plaintiffs are informed and believe that Defendant Leasure is a successor to Defendant L.A. Smith, and is therefore liable for Defendant L.A. Smith's withdrawal liability.

Defendants did not request review of the assessment or initiate arbitration. As of the filing of this Complaint, Defendants are in default on the outstanding withdrawal liability. Plaintiffs therefore seek a money judgment against Defendant L.A. Smith and each member of its controlled group for an award of the entire assessed withdrawal liability less any credits for recoveries received prior to judgment, plus interest, liquidated damages, attorneys' fees and costs. Plaintiffs also seek an order finding Defendant Kirk Smith to be a controlled group member and liable for the withdrawal liability. Plaintiffs further seek an order finding Defendant Leasure to be a successor of Defendant L.A. Smith and liable for the withdrawal liability.

**PARTIES**

1. The Automotive Industries Pension Trust Fund ("Plan") is an "employee benefit plan" as defined in ERISA § 3(3), 29 U.S.C. § 1002(3), an "employee benefit pension plan" as defined in ERISA § 3(2), 29 U.S.C. § 1002(2), and a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Plan is jointly administered and is maintained pursuant to the Labor Management Relations Act § 302(c), 29 U.S.C. § 186(c).

2. Plaintiffs Tom Dillon, Don Crosatto, John DiBernardo, Stephen J. Mack, Steve Sowinski, Rich Morales, Pedro Mendez, Mark Martin and Jim Schwantz are each members of the Automotive Industries Pension Trust Fund Board of Trustees (collectively the "Trustees"). Plaintiff Trustees are "fiduciaries" with respect to the Trust as defined in 3(21)(A) of ERISA (29 U.S.C. § 1002(21)(A)), and are collectively the Board of Trustees' "plan sponsor" within the meaning of 3(16)(B)(iii) and 4001(a)(10)(A) of ERISA (29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A)).

3. The Trust and the Trustees are herein jointly referred to as "Plaintiffs."

4. Defendant L.A. Smith is a California corporation with its principal place of business located at 903 Williams Street in San Leandro, California. It was an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and National Labor Relations Act ("NLRA") §

2(2), 29 U.S.C. § 152(2), and was engaged in an industry affecting commerce within the meaning of ERISA §§ 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

5. Defendant Kirk Smith is an individual and California resident. Defendant Kirk Smith is an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and NLRA § 2(2), 29 U.S.C. § 152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§ 3(11) and (12), 29 U.S.C. §§ 1002(11) and (12). Plaintiffs are informed and believe that Defendant Kirk Smith is a member of Defendant L.A. Smith's controlled group.

6. Defendant Leasure is an individual and California resident, with the principal place of business at 903 Williams Street in San Leandro, California. Defendant Leasure is an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and NLRA § 2(2), 29 U.S.C. § 152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§ 3(11) and (12), 29 U.S.C. §§ 1002(11) and (12). Plaintiffs are informed and believe that Defendant Leasure is a successor to Defendant L.A. Smith.

7. Defendants DOES 1 through 10 are entities and/or other persons that are within the same controlled group as Defendant L.A. Smith under ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1). Plaintiffs presently do not know the identities of such entities or persons. Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain their true identity at this time. Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the Complaint to add the true name of the additional defendants once their identities are discovered.

**JURISDICTION AND VENUE**

8. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of ERISA §§ 4301(c) and 502(e)(1) & (f), 29 U.S.C. §§ 1451(c) and 1132(e)(1) & (f). Plaintiffs seek to enforce the provisions of ERISA and the terms of the Plan, redress Defendants' violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

9. Venue is conferred upon this Court by ERISA §§ 4301(d) and 502(e)(2), 29 U.S.C. §§ 1451(d) and 1132(e)(2). Where an action is brought under ERISA §§ 4301 and 502, 29 U.S.C. §§1451 and 1132, in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a

defendant resides or may be found. Process may be served nationwide in any district where a defendant resides or may be found. The Plan, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business in Dublin, California. Thus, jurisdiction and venue are properly grounded with this Court.

## INTRADISTRICT ASSIGNMENT

10. Assignment to the San Francisco/Oakland Division is appropriate pursuant to Civil Local Rule 3-2(d) because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in Contra Costa County and Alameda County, California, where the Plan is administered and where L.A. Smith conducted its business operations during the relevant times, and where Leasure continued L.A. Smith's operations.

## FACTUAL ALLEGATIONS

11. Defendant L.A. Smith was a participating employer in the Plan pursuant to collective bargaining agreements ("Bargaining Agreements") with the Machinists Automotive Trades District Lodge No. 190 of Northern California ("Union"). The Union is a labor organization as defined in NLRA § 2(5), 29 U.S.C. § 152(5), that represents employees in an industry affecting interstate commerce. Defendant L.A. Smith was obligated to and did make contributions to the Plan on behalf of its employees that were covered under that Bargaining Agreement.

12. At all relevant times, Defendant L.A. Smith operated an automotive repair facility. At all relevant times, Defendant L.A. Smith operated at 903 Williams Street in San Leandro, California.

13. In or about April 2021, Defendant L.A. Smith ceased operations, and withdrew from participating in the Plan, thereby making a complete withdrawal under ERISA § 4203, 29 U.S.C. § 1383.

14. Plaintiffs are informed and believe that Defendant L.A. Smith has gone out of business and its assets have been liquidated and/or sold following the cessation of its operations in April 2021.

15. Plaintiffs are informed and believe that Defendant Kirk Smith was the owner of

1  Defendant L.A. Smith and owned the real property upon with Defendant L.A. Smith operated.

2      16.    Plaintiffs are informed and believe that Defendant Leasure substantially continued the business of Defendant L.A. Smith at the 903 Williams Street address, performing the same type of services for the same customer base as Defendant L.A. Smith, and using the same employees.

    17.    By written notice dated August 22, 2022 ("Notice of Assessment"), Plaintiffs notified Defendants L.A. Smith, and Leasure, and all identified members of L.A. Smith's controlled group of the withdrawal liability assessed against them pursuant to ERISA §§ 4201-4203, 29 U.S.C. §§ 1381, et seq. Specifically, the Plan notified Defendants L.A. Smith, Kirk Smith and Leasure of the following in the written notice which is attached hereto as **Exhibit 1,** and incorporated herein by this reference:

    (a)    Defendant L.A. Smith's assessed withdrawal liability was $1,127,398.00, payable in one lump sum on or before September 30, 2022 or in 80 quarterly installment payments as follows:

| | |
|---|---|
| $23,182.00 | September 30, 2022 |
| $23,182.00 | December 31, 2022 |
| $23,182.00 | thereafter, last day of each succeeding calendar quarter |
| Final Payment | June 30, 2043 |

    (b)    Defendant L.A. Smith had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the notice of the withdrawal liability assessment as provided by ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2).

    (c)    Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA § 4221(a), 29 U.S.C. § 1401(a).

    18.    In order to initiate arbitration under section ERISA § 4221(a)(1), 29 U.S.C. § 1401(a), an employer must first request review of the assessed withdrawal liability. Section VII of the Plan's Withdrawal Liability Procedures mirrors ERISA § 4219(b)(2)(A), 29 U.S.C. §

1399(b)(2)(A), which requires an employer's request for review to be in writing. Neither Defendant L.A. Smith, nor any member of its controlled group, timely requested review and therefore they are precluded from initiating arbitration, and the time to do so has expired.

19. Neither Defendant L.A. Smith nor any member of its controlled group made any of the required quarterly installment payments.

20. On November 18, 2022, Plaintiffs notified Defendant L.A. Smith in writing that, pursuant to Section IX of the Plan's Withdrawal Liability Assessment Procedures (attached as Exhibit B to the August 22, 2022 written notice), ERISA § 4219(c)(5)(b), 29 U.S.C. § 1399(c)(5)(b) and PBGC § 4219.31(b)(2), the entire unpaid withdrawal liability was accelerated, and the entire unpaid amount of $1,127,398.00, plus interest at the rate of 7% simple interest per year, was immediately due and payable, because L.A. Smith had ceased operations, which indicated a substantial likelihood that it would be unable to pay its withdrawal liability. This written notice dated November 18, 2022 is attached hereto as **Exhibit 2** and incorporated herein by this reference. As of the filing of this Complaint, Defendant L.A. Smith has not made any of the required withdrawal liability payments and thus is in default under ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5).

21. Plaintiffs are informed and believe and on that basis allege that Defendant Kirk Smith is a member of Defendant L.A. Smith's controlled group. Plaintiffs allege that Defendant Kirk Smith owned the real property upon which Defendant L.A. Smith operated.

22. Plaintiffs are informed and believe and on that basis allege that Defendant Leasure substantially continued the operations of its predecessor Defendant L.A. Smith. In addition, Plaintiffs are informed and believe that Defendant Leasure became the successor of Defendant L.A. Smith with notice of Defendant L.A. Smith's withdrawal liability, and that most, if not all, of the employees of Defendant Leasure were covered employees of Defendant L.A. Smith.

/ / /

/ / /

/ / /

/ / /

**FIRST CAUSE OF ACTION**
**Against Defendants L.A. SMITH, KIRK SMITH, and DOES 1 through 10 for Violation of ERISA § 4219, 29 U.S.C. § 1381: Request for Payment of Withdrawal Liability, Interest, Liquidated Damages, Attorneys' Fees and Costs**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22, above.

24. In or about April 2021, Defendant L.A. Smith made a "complete withdrawal" from the Plan as that term is defined in ERISA § 4203, 29 U.S.C. § 1383, et seq.

25. On or about August 22, 2022, Plaintiffs assessed withdrawal liability against Defendant L.A. Smith and all members of its controlled group, including Defendant Kirk Smith, and the defendants named here as DOES 1 through 10, and thereafter, declared Defendants to be in default and accelerated payments pursuant to ERISA § 4219(c)(5)(b), PBGC § 4219.31(b)(2).

26. Because neither L.A. Smith nor any member of its controlled group timely requested review or initiated arbitration, the withdrawal liability is due in the amount and on the schedule set forth by Plaintiffs, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1).

27. To date, Defendants have not paid any of the assessed withdrawal liability. Thus, Defendants and each other member within L.A. Smith's control group, including but not limited to Kirk Smith, are in default and are jointly and severally liable for the entire amount of the unpaid withdrawal liability under ERISA §§ 4219(c)(5) and 4001(b)(1), 29 U.S.C. §§ 1399(c)(5) and 1301(b).

28. Accordingly, Plaintiffs seek judgment against Defendants for the entire amount of the unpaid withdrawal liability of $258,187.00, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§ 4219(c)(5) and 502(g)(2), 29 U.S.C. §§ 1399(c)(5) and 1132(g)(2).

29. ERISA § 4301(b), 29 U.S.C. § 1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 515, 29 U.S.C. § 1145. Thus, Defendants are also liable for liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA §§ 4301(b) and 502(g)(2), 29 U.S.C. §§ 1301(b) and 1132(g)(2). The Plan provides for interest at the rate of 7% simple interest per year, and for liquidated damages in an

1 amount equal to the greater of 20% of the total unpaid withdrawal liability or double interest.

2     30.    Plaintiffs, therefore, seek a money judgment against Defendants for an award of the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of liquidated damages or interest, and costs, including attorneys' fees.

## SECOND CAUSE OF ACTION
### Against Defendant LEASURE for Federal Common Law Successor Withdrawal Liability

    31.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30, above.

    32.    Under the federal common law successorship doctrine, liabilities of the predecessor may be passed to the successor where: 1) the subsequent employer substantially continues the business operations of the predecessor; and, 2) the subsequent employer had notice of the potential liability.  *Steinbach v. Hubbard,* 51 F.3d 843, 845-846 (9th Cir. 1995).  Successor liability has been extended to almost every employment statute, including ERISA.  *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac,* 920 F.2d 1323 (7th Cir. 1990); *Hawaii Carpenters v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 295 (9th Cir. 1987).

    33.    The Ninth Circuit specifically holds that an employer as a successor can be liable for the withdrawal liability of its predecessor where: 1) the successor had actual or constructive notice of the liability; and, 2) there is a substantial continuity in the business operations between predecessor and the successor.  *Resilient Floor Covering Pension Trust Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079 (9th Cir. 2015); *Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Haw. Pension Plan*, 891 F.3d 839 (9th Cir. 2018).

    34.    Plaintiffs are informed and believe and on that basis allege that Defendant Leasure substantially continued Defendant L.A. Smith's automotive repair operations, providing the same services and using employees who previously worked for Defendant L.A. Smith.

    35.    Plaintiffs are informed and believe and on that basis allege that Defendant Leasure had actual or constructive knowledge of Defendant L.A. Smith's liability or potential liability to the Plan.

    36.    Plaintiffs allege that under the totality of the circumstances, there are sufficient

indicia of continuity between Defendant L.A. Smith and Defendant Leasure to hold Defendant Leasure liable as the successor in interest to Defendant L.A. Smith with regard to Defendant L.A. Smith's withdrawal liability obligation owed to the Plan.

37. Plaintiffs, therefore, seek a money judgment against Defendant Leasure for an award of the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of liquidated damages or interest, and costs, including attorneys' fees.

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief:

1. For a judgment providing that Defendant L.A. Smith and DOES 1 through 10 are jointly and severally liable to immediately pay to Plaintiffs the following sums:

   (i) The unpaid withdrawal liability of $1,127,398.00, less any credits for recoveries received before the time of judgment;

   (ii) Interest at the rate of 7% simple interest per annum pursuant to ERISA §§ 4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. § 1399(c)(5) and (6) and 1132(g)(2);

   (iii) Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), liquidated damages equal to the greater of:

   (a) An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; or

   (b) Double interest; and

   (iv) Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA §§ 4301(e) and 502(g), 29 U.S.C. §§ 1451(e) and 1132(g).

2. For an order finding Defendant Kirk Smith a controlled group member of Defendant L.A. Smith and therefore jointly and severally liable for the withdrawal liability, interest, liquidated damages, attorneys' fees, and costs.

3. For an order finding Defendant Leasure a successor of Defendant L.A. Smith and therefore jointly and severally liable for the withdrawal liability, interest, liquidated damages, attorneys' fees, and costs.

4. Such other relief as this Court deems appropriate.

Dated: December 8, 2022

SALTZMAN & JOHNSON LAW CORPORATION

By: _____
Tino X. Do
Attorneys for Plaintiffs

**COMPLAINT**