United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>L.A. SMITH & SON INC., et al.,<br><br>Defendants. | Case No. 3:22-cv-07747-JD<br><br>**ORDER RE DEFAULT JUDGMENT** |

Plaintiffs Automotive Industries Pension Trust Fund (Pension Fund) and its Board of Trustees sued defendants L.A. Smith & Sons Inc. (L.A. Smith), Kirk D. Smith, and Michael Shane Leasure dba Auto Body Express, seeking a money judgment for defendants' withdrawal liability under Section 4203 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1383. *See* Dkt. No. 1.

Plaintiffs and Leasure jointly stipulated to Leasure's dismissal. Dkt. No. 14. For the remaining defendants, L.A. Smith and Kirk D. Smith, plaintiffs ask for a default judgment for defendants' withdrawal liability, liquidated damages, and attorney's fees and costs. Dkt. No. 30. Default judgment is granted.[1]

**DEFAULT JUDGMENT**

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a party may apply to the Court for entry of judgment by default. *See Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Munoz*, No. 22-CV-07696-JD, 2024 WL 950160 (N.D. Cal. Mar. 5, 2024). "The district court's decision whether to enter a default judgment is a discretionary one."

---

[1] Plaintiffs' motion was overlength. *See* Standing Order for Civil Cases ¶ 18. On this one occasion, the brief will be accepted.

*Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Court may consider the following factors in deciding whether to grant the motion:

> (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## I. JURISDICTION AND SERVICE

When default judgment is requested, the Court has an affirmative duty to consider whether it has jurisdiction over the subject matter and parties to the case.  *Crisman v. Van Der Hoog*, No. 20-CV-02723-JD, 2021 WL 8445148, at *1 (N.D. Cal. Nov. 2, 2021).  The Court has subject matter jurisdiction under 29 U.S.C. § 1132, which authorizes ERISA plan fiduciaries to bring civil actions to enforce plan terms.  The Court has personal jurisdiction over L.A. Smith and Kirk D. Smith based on ERISA's nationwide service-of-process provision.  29 U.S.C. § 1132(e)(2); *G-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1416 (9th Cir. 1989).

L.A. Smith and Kirk D. Smith were properly served.  After several documented attempts to service the summons and complaint, plaintiffs applied for, and the Court granted, service by publication and service through the California Secretary of State.  Dkt. No. 17, 18; *see* Fed. R. Civ. P. 4(e)(1) (authorizing service in any manner permitted by the state where the Court is located); Cal. Code Civ. P. § 415.50(a) (authorizing service by publication); § 416.10 (authorizing service by the California Secretary of State).  Plaintiffs served Kirk D. Smith by publication, and L.A. Smith through the Secretary of State.  Dkt. No. 19, 22, 27.  The Clerk of the Court entered default as to L.A. Smith and Kirk D. Smith.  Dkt. No. 29.

## II. *EITEL* FACTORS

### A. Merits of the claim and sufficiency of the complaint

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The allegations in the complaint are sufficient to prevail on a claim under Section 4203 of ERISA. Under ERISA, "an employer [that] withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal . . . is liable to the plan in the amount determined under this part to be the withdrawal liability." 29 U.S.C. § 1381(a). A complete withdrawal occurs when an employer "permanently ceases to have an obligation to contribute under the plan, or . . . permanently ceases all covered operations under the plan." 29 U.S.C. § 1383. Based on plaintiffs' allegations in the complaint and the corroborating evidence submitted, the Pension Fund was a multiemployer plan governed by ERISA, Dkt. No. 1 ¶ 1, to which L.A. Smith was a contributing employer, *id.* ¶ 11. L.A. Smith withdrew from the Pension Fund in April 2021. *Id.* ¶ 13. The Pension Fund twice notified defendants L.A. Smith and Kirk D. Smith of the amount of withdrawal liability and demanded payment. *Id.* ¶ 17. Despite receiving notice of withdrawal liability, L.A. Smith did not request review or initiate arbitration with respect to the withdrawal liability assessment. *Id.* ¶ 18. Employers who fail to initiate arbitration cannot dispute the amount of assessed withdrawal liability. 29 U.S.C. § 1401(b); *Teamsters Pension Trust Fund -- Bd. of Tr. of the Western Conference v. Allyn Transp. Co.*, 832 F.2d 502, 504 (9th Cir. 1987).

Plaintiffs also allege Kirk D. Smith was the sole owner of L.A. Smith, and a member of the "controlled group." Dkt. No. 1 ¶ 5; Dkt. No. 30 at 10. Withdrawal liability may be imposed against entities other than the employer contributing to the plan so long as (1) the entity is under "common control" with the withdrawing entity; and (2) the entity is a "trade or business." 29 U.S.C. § 1301(b)(1); *Bd. of Trustees of W. Conf. of Teamsters Pension Tr. Fund v. Lafrenz*, 837 F.2d 892 (9th Cir. 1988). Kirk D. Smith was the sole owner of L.A. Smith, and consequently the common control requirement is met. *Id.* ¶ 5; Dkt. No. 30 at 10. Kirk D. Smith also meets the "trade or business" requirement because he leased his 903 Williams Street Property to L.A. Smith. Dkt. No. 30 at 10. Although whether an entity is a "trade or business" is an "essentially factual inquiry," *Lafrenz*, 837 F.2d at 894 n.6, the Ninth Circuit has previously found that individuals who lease property qualify as a "trade or business" under Section 1301(b)(1), *id.* at 894. Consequently, plaintiffs are entitled to money damages under ERISA for the assessed withdrawal liability from L.A. Smith, and L.A. Smith's liability can be imputed to Kirk D. Smith.

3

### B. Remaining *Eitel* factors

The remaining *Eitel* factors also weigh in favor of granting default judgment. Plaintiffs have no other avenue for recovery against defendants and will be prejudiced if default is not granted. And because defendants have not appeared, there is no indication that their default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible. Although the sum of money at stake is not insignificant -- approximately $1.5 million -- the amount is reasonable, properly documented, and justified. Consequently, the amount at stake alone will not outweigh the remaining *Eitel* factors.

## III. PLAINTIFF'S REQUESTED RELIEF

Section 4301(b) of ERISA treats an employer's failure to make a withdrawal liability payment "in the same manner as a delinquent contribution." 29 U.S.C. § 1451(b). In actions involving delinquent contributions, the Court shall award unpaid contributions; interest on the unpaid contributions; liquidated damages in an amount equal to the greater of the interest on the unpaid contributions, or an amount not to exceed 20% of the unpaid contributions; reasonable attorney's fees and costs; and any other relief deemed appropriate. 29 U.S.C. § 1132(g).

### A. Withdrawal liability and interest

Plaintiffs are entitled to the unpaid withdrawal liability of $1,127,398.00. Dkt. No. 31 ¶ 8. The withdrawal liability was calculated based on a complete withdrawal and reduced according to a 20-year cap on payments. *Id.* Because defendants never initiated arbitration with respect to their unpaid withdrawal liability, they may not contest the amount at this stage. *Allyn Transp. Co.*, 832 F.2d at 504.

The trust agreement also provides for simple interest at the rate of 7% per annum on all delinquent withdrawal liability payments. Dkt. No. 31 ¶ 6. Interest from September 30, 2022, through December 27, 2023, the date when plaintiffs' motion for default judgment was filed, amounts to $98,159.34. Interest has continued to accrue at a rate of $216.21 per day, yielding an additional $33,080.13 in interest. Consequently, $131,239.47 in interest is due to plaintiffs.

### B. Liquidated damages

Because defendants' contributions are unpaid, the Pension Fund is entitled to liquidated

4

1  damages in an amount equal to the greater of (a) additional interest on the unpaid assessments or
2  (b) 20% of the unpaid assessments.  Dkt. No. 31 ¶ 6; 29 U.S.C. § 1132(g)(2)(C)(ii).  20% of the
3  unpaid withdrawal liability is $225,479, which is greater than the accrued interest figure calculated
4  above.  Consequently, plaintiffs are also entitled to $225,479.00 in liquidated damages.

### C. Attorney's fees and costs

Because plaintiffs have prevailed on a suit for withdrawal liability, which is treated in the same manner as suits for delinquent contributions, plaintiffs are entitled to a mandatory award of reasonable attorney's fees and costs.  29 U.S.C. § 1132(g)(2)(D).  Plaintiffs ask for reasonable attorney's fees and costs of $16,660.43, including $13,103.50 in fees, and $3,556.94 in costs.  Dkt. No. 32 ¶ 21.

For calculation of fees, plaintiffs propose billing rates for attorneys at $285-305 per hour, and paralegals at $165-175 per hour.  Dkt. No. 32 ¶ 18.  A reasonable hourly rate is determined by the prevailing market rate.  *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946-67 (9th Cir. 2007); *see also Board of Trustees of Laborers Health and Welfare Trust Fund*, 2024 WL 950160, at *4.  The party requesting fees must produce satisfactory evidence that the proposed hourly rates reflect the prevailing market rate.  In support of their proposed hourly rates, plaintiffs have identified several decisions by other courts in this District, including decisions finding hourly rates of $345 and $250 reasonable in ERISA actions to collect delinquent contributions.  *Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222 (N.D. Cal. 2005), *Trustees on Behalf of Teamsters Ben. Tr. v. Casey's Off. Moving & Servs., Inc.*, No. 05-cv-4157-MHP-EMC, 2007 WL 1031320 (N.D. Cal. Apr. 3, 2007).  Attorney Do's billing rate at $285-305 per hour is in line with the prevailing market rate.  The paralegal billing rate of $165-175 is also reasonable, although on the high end.

The hours expended are reasonable.  Plaintiffs submitted a declaration by their counsel with detailed billing entries for attorney Do and paralegal Huskey, which included entries for time spent preparing the complaint, resolving issues surrounding attempted service on defendants, and preparing other court filings.  *See* Dkt. No. 32-10.  The records indicate that the time spent on this matter was not "excessive, redundant, or otherwise unnecessary."  *McCown v. City of Fontana*,

565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Consequently, plaintiffs are entitled to $13,103.50 in fees.

Plaintiffs are also entitled to costs, which include the filing fee for the complaint and summons and the costs of service on Kirk D. Smith and L.A. Smith. Dkt. No. 32 ¶ 20. The $3,556.94 in costs are adequately documented and reasonable. *See* Dkt. No. 32-10.

## CONCLUSION

Plaintiffs' motion for default judgment is granted. Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: May 28, 2024

JAMES DONATO
United States District Judge